**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Shoshona Lynn Holy Bear,<br><br>Defendant. | No. CR-14-08010-001-PCT-DJH<br><br>**ORDER** |

Before the Court are two Motions by Defendant Shoshona Lynn Holy Bear ("Holy Bear"). Holy Bear filed a Motion to Modify Conditions of Supervised Release ("First Motion") (Doc. 117), to which the Government filed a Response in opposition (Doc. 119). Holy Bear also filed a Motion to Modify Conditions of Supervised Release to Attend Daughter's Graduation and Dinner ("Second Motion") (Doc. 120). Holy Bear's Second Motion states that the Government and Holy Bear's assigned U.S. Probation Officer have no objection to this Motion. (*Id*. at 2). For the forgoing reasons, the Court denies Holy Bear's First Motion (Doc. 117) but grants her Second Motion (Doc. 120).

**I.    Background**

Holy Bear was convicted, by plea agreement, of two counts of Child Abuse in violation of 18 U.S.C. § 1153 and A.R.S. § 13-3623(A)(2). In her plea agreement, Holy Bear admitted to inflicting injuries upon her 17-month-old child when she "removed the fire poker from the fire and recklessly placed it on his leg." (Doc. 93 at 6). This act caused significant burns that required medical treatment and caused disfigurement to the child's

leg. (*Id.*) Holy Bear also admitted to hitting the 17-month-old child multiple times, which caused him to fall backward and hit his head on a piece of metal. She did not seek medical treatment for the child, though he did not eat or act the same. Consequently, the child suffered a seizure due to a brain bleed and was hospitalized for an extended period. (*Id.*)

The Court imposed a 100-month term of imprisonment (consisting of 40 months on count one, and 60 months on count two to run consecutively). (Doc. 95). The Court ordered Holy Bear to serve a 3-year term of supervised release upon completion of her custody term. As part of the supervised release conditions, the Court issued Special Condition No. 7 that Holy Bear "must not be in the company of or have contact with children who . . . are under the age of 18, including [her] own children." (Doc. 116 at 3). Additionally, the Court issued Special Condition No. 8 that Holy Bear "shall not contact the victim without prior approval of the probation officer." (*Id.*)

On January 5, 2023, Holy Bear's supervised release was revoked after she admitted to violating Standard Condition No. 7, which requires her to live in a pre-approved place and to inform her probation officer whether she intends to change her living arrangements 10 days before so doing, or within 72 hours of becoming aware of the expected change. (Doc. 95 at 2). Holy Bear also admitted that on June 4, 2022, she was unsuccessfully discharged from Working Alternatives, a transition living facility, and she did not provide her probation officer with the required notice. The record shows that Holy Bear was eventually located residing with a convicted felon in a home with numerous accessible firearms.[1] This violation occurred less than 3 months after her supervise release term commencing. In consideration of the violation and the 18 U.S.C. § 3583(e) factors, the Court ordered that Holy Bear serve a 6-month term of custody for violating her supervised release conditions. (Doc. 116).

**II.     First Motion to Modify Conditions of Supervised Release (Doc. 117)**

Upon imposition of the disposition, Holy Bear filed her First Motion asking the

---

[1] The Court notes that it also imposed Standard Condition No. 16 which prohibits Holy Bear from "possessing a firearm, ammunition, destructive device, or other dangerous weapon." (Doc. 95 at 3).

- 2 -

Court to modify Special Condition No. 7 and No. 8 of her supervised release to permit contact with her children. (Doc. 117 at 1). Holy Bear stated that deprivation of child contact contributed to her committing the instant violations. Thus, she argued that child contact would facilitate her compliance. (*Id.* at 2). However, in her First Motion, she acknowledges the probation officer's concern that she be prohibited from contact until she can demonstrate compliance through sobriety. Therefore, she puts forth alternatives to facilitate contact that she believes will comport with *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012). (*Id.*) Those modifications would permit Holy Bear to have contact with her own biological children "through letter, text message, telephone, email, internet facilitated audiovisual means (Skype, Facebook, etc…), or communication through a third party." (*Id.* at 1–2). Such communication will be under supervision. (*Id.*) The Government opposes the proposed modification because the "Defendant should be required to take steps to mitigate the risk she poses before she is allowed contact with her children." (Doc. 119 at 3). The Court agrees.

*Wolf Child* is instructive but moderately applicable to Holy Bear's situation. In *Wolf Child*, the Ninth Circuit found that the "district court did not make special findings on the record supported by evidence in the record, that the condition is necessary for deterrence, protection of the public, or rehabilitation, and that it involves no greater deprivation of liberty than reasonably necessary." 699 F.3d at 1087-88. In imposing the sentence in this case, including the no child contact condition, this Court included findings on the record that illustrated the necessity for the special conditions. For example, Holy Bear had a prior felony conviction for Abuse or Neglect of a Child in the Burleigh County District Court for abuse she inflicted on two of her children who were under 6-years-old. (*Sealed* Doc. 94 at 8–9). The Court also considered the ages of the victims and their vulnerability given the history of abuse they reported while in Holy Bear's care.[2] Furthermore, the Court imposed these special conditions to ensure the safety of Holy Bear's children while she addresses her substance use issues, which contributes to the children's' safety.

---

[2] Indeed, the presentence report includes reference to the numerous ways in which Holy Bear's children recall being abused. (*Sealed* Doc. 94 at 5, ¶ 14).

- 3 -

To date, Holy Bear has only moderately complied with the terms of her supervised release.[3]  So, until she can demonstrate some length of compliance, the Court will not consider her proposed modification.  Holy Bear's First Motion is accordingly denied without prejudice.

### III.  Second Motion to Modify Conditions of Release (Doc. 120)

In Holy Bear's Second Motion, she seeks permission to attend her daughter's graduation in Flagstaff, Arizona.  Relevant here is that her daughter is 17-years-old and will be accompanied by other adult family members.  Moreover, the graduation and dinner will be in a public setting.  Accordingly, the Court will grant Holy Bear's Second Motion.

**IT IS ORDERED denying** Defendant's Motion to Modify Conditions of Supervised Release (Doc. 117) **without prejudice.**

**IT IS FURTHER ORDERED granting** Defendant's Motion to Modify Conditions of Release (Doc. 120).  Defendant Shoshona Lynn Holy Bear may attend the Flagstaff High School graduation and family dinner on May 26, 2023.

Dated this 5th day of May, 2023.

Honorable Diane J. Humetewa
United States District Judge

---

[3] The Petition included two additional supervised release condition violations which were dismissed at her disposition hearing. Those violations relate to rehabilitation for substance use.